Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| JOSÉ CORTÉS COLÓN<br><br>Recurrido<br><br>V.<br><br>JENNIFER PEREIRA MARTÍNEZ<br><br>Recurrente | KLRA202400618 | *Revisión de Decisión Administrativa* procedente del Departamento de la Familia, Administración para el Sustento de Menores<br><br>Caso Núm.: 0607572<br><br>Sobre: Alimentos |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 24 de enero de 2025.

El 4 de noviembre de 2024, compareció ante este Tribunal de Apelaciones la señora Jennifer Pereira Martínez (en adelante, señora Pereira Martínez o recurrente), mediante recurso de *Revisión Judicial.* Mediante este, nos solicita que revisemos la *Orden* emitida el 24 de septiembre de 2024, notificada el 3 de octubre de 2024, por la Administración para el Sustento de Menores, (en adelante, ASUME), Sala Administrativa de Ponce. Mediante la referida *Orden*, ASUME declaró No Ha Lugar la solicitud de reconsideración presentada por la señora Pereira Martínez, relacionada a la petición de establecimiento de pensión alimentaria incoada por el señor José Cortés Colón (en adelante, señor Cortés Colón o recurrido).

Por los fundamentos que expondremos a continuación, se revoca la *Orden* recurrida.

**I**

Según se desprende del expediente ante nos, la señora Pereira Martínez y el señor Cortés Colón se divorciaron el 5 de septiembre

de 2017.[1] Durante la vigencia de su matrimonio, estos procrearon dos (2) hijos: el menor DJCP y la menor EKCP. Como parte de la sentencia que disolvió el matrimonio, se determinó que, el señor Cortés Colón mantendría la custodia del menor DJCP. Mientras que, la menor EKCP estaría bajo la custodia de la señora Pereira Martínez.[2]

En lo pertinente a la controversia que nos ocupa, el 12 de abril de 2023, el señor Cortés Colón presentó una solicitud ante ASUME para que se estableciera una pensión alimentaria en beneficio del menor DJCP.

Tras múltiples incidencias procesales innecesarias pormenorizar, el 31 de enero de 2024, la señora Pereira Martínez presentó *Moción Solicitando Consolidación*.[3] En síntesis, sostuvo que, las partes de epígrafe mantenían dos (2) casos sobre pensión alimentaria ante la consideración de la agencia administrativa. Detalló que, además del caso relacionado al menor DJCP, ASUME atendía un caso de alimentos con respecto a la menor EKCP. Manifestó que, la duplicidad de los pleitos provocaría una disparidad de ingresos y causas, por lo que solicitó la consolidación de los casos.

Luego de otros varios trámites procesales, el 10 de mayo de 2024, ASUME emitió *Resolución sobre Establecimiento de Pensión Alimentaria*.[4] Mediante esta, la agencia administrativa consignó las siguientes determinaciones de hechos:

1) JOSÉ M. CORTÉS COLÓN es la madre biológica *sic* de los menores siguientes: En adelante, el alimentista o los alimentistas. [5]

---

[1] Anejo 1 del apéndice del alegato en oposición.
[2] *Íd.*
[3] Véase, copia certificada del expediente administrativo, págs. 49-51.
[4] Apéndice del recurso de revisión judicial, págs. 70-80.
[5] Cabe señalar que, el 22 de julio de 2024, ASUME emitió una resolución enmendada a los fines de corregir la primera determinación de hecho e identificar correctamente al señor Cortés Colón como la persona custodia del menor DJCP. Véase, copia certificada del expediente administrativo, págs. 188-198.

| Nombre del Menor | Fecha de Nacimiento | Edad |
|---|---|---|
| [DJCP] | 8/7/2008 | 15 |

2) JOSÉ M. CORTÉS COLÓN tiene la custodia del alimentista o de los alimentistas.

3) La persona custodia no está casada bajo el régimen de sociedad legal de gananciales.

4) La persona no custodia no está casada bajo el régimen de sociedad legal de gananciales.

5) El alimentista necesita o los alimentistas necesitan para sí una pensión alimentaria.

6) La ASUME provee servicios a menores de edad al amparo del Título IV-D de la Ley de Seguridad Social federal y al amparo de la Ley Núm. 5 de 30 de diciembre de 1986, según enmendada.

7) La ASUME emitió el documento titulado *Notificación de obligación de Proveer Alimentos*, mediante el cual se le notificó a las partes que se alegó que JENNIFER PEREIRA MARTÍNEZ tiene la responsabilidad de pagar una pensión alimentaria para beneficio del alimentista o de los alimentistas.

8) La referida **NOTIFICACIÓN** fue diligenciada a las partes según establecido en la Ley.

9) Ninguna de las partes objetó la **NOTIFICACIÓN**.

10) Conforme con lo establecido en el Reglamento del Procedimiento Administrativo Expedito de la ASUME, el empleado a cargo del caso citó a ambas partes para una reunión el 04/03/2024.

11) Ambas partes comparecieron a dicha reunión y tuvieron la oportunidad de presentar los argumentos y la prueba que entendieron pertinentes.

12) La persona custodia tiene un ingreso neto mensual según se detalla a continuación:

| Ingreso neto mensual | Ingreso neto mensual de reserva | Desde | Hasta |
|---|---|---|---|
| $7,876.95 | $4,206.29 | 04/03/2024 | |
| $7,876.95 | $0.00 | 04/12/2023 | 03/15/2024 |
| $0.00 | $0.00 | | |
| $0.00 | $0.00 | | |
| $0.00 | $0.00 | | |

13) La persona no custodia tiene un ingreso neto mensual según se detalla a continuación:

| Ingreso neto mensual | Ingreso neto mensual de reserva | Desde | Hasta |
|---|---|---|---|
| $3,398.00 | $1,753.37 | 04/03/2024 | |
| $3,398.00 | $0.00 | 04/12/2023 | 03/15/2024 |
| $0.00 | $0.00 | | |
| $0.00 | $0.00 | | |
| $0.00 | $0.00 | | |

14) De acuerdo con la prueba el alimentista o los alimentistas tienen los gastos suplementarios mensuales siguientes: $391.06 por concepto de vivienda $43.40 por concepto de educación.

A tenor con lo anterior, ASUME fijó una pensión alimentaria a favor del menor DJCP de $695.77 para el periodo comprendido del 12 de abril de 2023 al 15 de marzo de 2024; y de $667.48 del 3 de abril de 2024 en adelante. Adicionalmente, la agencia concluyó que, existía una deuda por retroactivo ascendente a $8,763.00. Ante ello, ordenó un pago adicional de $66.74 mensuales, hasta satisfacer el monto total de la deuda.

En desacuerdo, el 28 de mayo de 2024, la señora Pereira Martínez presentó una *Moción de Reconsideración.*[6] En lo que concierne, indicó que, la solicitud de consolidación presentada aún no había sido atendida. De otro lado, arguyó que, resultaba absurdo que el recurrido pretendiera solicitar una pensión alimenticia en beneficio del menor DJCP, cuando había asumido capacidad económica para con la menor EKCP. Indicó además que, no contaba con evidencia sobre el ingreso del señor Cortés Colón, puesto que este no había provisto sus talonarios o su planilla contributiva.

Adicionalmente, sostuvo que, de ninguna manera contaba con el ingreso imputado por ASUME en su informe. Sobre ello, precisó que, de la Planilla de Información Personal y Económica (PIPE) surgía que, su ingreso neto mensual ascendía a $1,106.88 mensuales. Añadió que, laboraba como asistente de maestra en el

---

[6] Apéndice del recurso de revisión judicial, págs. 53-69.

Departamento de Educación a razón de $7.25 por hora y ello había sido evidenciado con sus talonarios.

Por último, manifestó que, la deuda por concepto de retroactivo resultaba en un absurdo, en vista de que, el recurrido mantenía una deuda en concepto de alimentos y honorarios en el caso de alimentos de la menor EKCP.

Por todo lo anterior, la señora Pereira Martínez solicitó: (i) la consolidación de los dos (2) casos ante la agencia administrativa; (ii) que se dejara sin efecto la pensión alimentaria impuesta, así como la ORI de su salario; y, (iii) que se impusiera una partida razonable de honorarios de abogado al recurrido, por concepto de temeridad y frivolidad.

El 17 de junio de 2024, notificada al próximo día, el foro administrativo emitió *Orden*.[7] En virtud de esta, acogió el escrito de reconsideración como una solicitud de revisión. Ante ello, concedió un término de quince (15) días a la recurrente para presentar un memorando de derecho sustentando sus planteamientos. Asimismo, dispuso que, una vez presentado el mismo, el señor Cortés Colón y la Procuradora Auxiliar de ASUME contarían con un término de quince (15) días para presentar su réplica.

Así las cosas, el 10 de julio de 2024, la señora Pereira Martínez presentó *Moción en Cumplimiento de Orden y Memorando de Derecho sobre Moción de Reconsideración*.[8] En su escrito, insistió en que los casos de ambos menores debían ser consolidados. Por otro lado, esgrimió que, toda vez que el señor Cortés Colón había asumido capacidad económica, se le debía imputar la totalidad de los gastos reclamados de ambos hijos. Para sustentar su argumento, la recurrente citó el caso de *Santiago, Maisonet v. Maisonet Correa*, 187 DPR 550 (2012).

---

[7] *Íd.*, págs. 50-52.
[8] *Íd.*, págs. 40-49.

De otra parte, reiteró que, el señor Cortés Colón nunca presentó evidencia de sus ingresos. Asimismo, recalcó que, procedía la imposición de honorarios de abogado. Explicó que, el recurrido no tenía un reclamo válido, "pues asumió capacidad económica para alimentar a su hija, por ende, no puede reclamar pensión alimentaria por su hijo."[9] Arguyó que, el asunto la obligaba a incurrir en sendos gastos de honorarios, lo que empobrecía a la menor EKCP.

Más adelante, el 22 de julio de 2024, ASUME presentó *Moción en Cumplimiento* replicando el memorando de la recurrente.[10] En primer orden, la agencia arguyó que, la consolidación constituía un asunto discrecional. Precisó que, esta podía ser beneficiosa en algunas instancias, mas, en otros casos, resultaba incompatible con los procedimientos administrativos de la agencia.

En segundo orden, detalló que, nada impedía que una persona no custodia que aceptaba tener capacidad económica pudiese solicitar alimentos en beneficio de un menor de edad sobre el cual tenía custodia.

Con respecto a los honorarios de abogado, esbozó que, el Artículo 22 de la Ley Núm. 5 del 30 de diciembre de 1989, conocida como Ley Orgánica de la Administración para el Sustento de Menores[11] (Ley de ASUME), establecía claramente que, la imposición de honorarios le correspondía a la sala administrativa y no al administrador de la agencia.

El 29 de julio de 2024, el señor Cortés Colón presentó su *Memorando de Derecho*.[12] Sobre la consolidación de los casos, esbozó que, la solicitud no era conveniente en el momento en que fue presentada. De otra parte, arguyó que, sus ingresos habían sido

---

[9] *Íd.*, pág. 48.
[10] Véase, copia certificada del expediente administrativo, págs. 85-89.
[11] 8 LPRA sec. 501 nota *et seq.*
[12] Véase, copia certificada del expediente administrativo, págs. 6-15.

trastocados por el pago de alimentos a la menor EKCP. Sostuvo que, a raíz de ello, se vio impedido de sufragar las necesidades de su hijo, por lo que recurrió a solicitar alimentos en su beneficio. Adicionalmente, esbozó que, el haber asumido capacidad económica con respecto a la menor EKCP no implicaba que había renunciado al derecho de alimentos del menor DJCP, o que la recurrente había quedado eximida de su obligación para con este.

Por último, esgrimió que, la solicitud sobre imposición de honorarios de abogado resultaba prematura puesto que, aún no se había tomado una determinación final sobre la controversia planteada. Añadió que, en todo caso, era a la señora Pereira Martínez a quien se le debía imponer una partida por honorarios de abogado. Asimismo, sostuvo que, estaba en completo derecho de solicitar alimentos para el menor DJCP y su actuación no era temeraria.

Evaluados los escritos de las partes, el 26 de agosto de 2024, notificada al próximo día, el foro administrativo emitió *Resolución* declarando No Ha Lugar la solicitud presentada por la recurrente.[13] Para fundamentar su determinación, el ente administrativo hizo "formar parte de la presente Resolución, como si estuviesen aquí transcritos, todos los fundamentos legales contenidos en los escritos presentados por la persona custodia, y por la Procuradora Auxiliar de la agencia, en oposición a la solicitud de revisión presentada por la persona no custodia."[14] Añadió que, el caso citado por la recurrente, a saber, *Santiago, Maisonet v. Maisonet Correa*, 187 DPR 550 (2012), no era de aplicación a los hechos del caso de marras. Detalló que, "en ese caso, la madre tenía la custodia de los dos hijos procreados durante el matrimonio. En el caso de epígrafe, en donde

---

[13] Apéndice del recurso de revisión judicial, págs. 18-21.
[14] *Íd.*, pág. 19.

las partes procrearon dos hijos, la madre tiene la custodia de la hija, y el padre tiene la custodia de un hijo."[15]

Insatisfecha, el 16 de septiembre de 2024, la señora Pereira Martínez instó *Moción de Reconsideración*.[16] A grandes rasgos, la recurrente reprodujo los mismos argumentos esbozados en su memorando de derecho.

El 24 de septiembre de 2024, notificada el 3 de octubre de 2024, el juez administrativo emitió *Orden* declarando la misma No Ha Lugar.[17]

Aún insatisfecha, el 4 de noviembre de 2024, la señora Pereira Martínez acudió ante este foro intermedio mediante el recurso de *Revisión Judicial*, en el que esgrimió los siguientes señalamientos de error:

### PRIMER ERROR
ERRÓ LA AGENCIA ADMINISTRATIVA DE LA ASUME EN NO CONSOLIDAR LOS PLEITOS EN EL EJERCICIO DE COMPENSAR AMBAS PENSIONES SIN TOMAR EN CONSIDERACIÓN QUE EL PADRE ASUMIÓ CAPACIDAD ECONÓMICA EN FAVOR DE UNO DE SUS HIJOS.

### SEGUNDO ERROR
ERRÓ LA AGENCIA ADMINISTRATIVA AL CONSIDERAR UN INGRESO DE LA SRA. PEREIRA DE $3,398.00 MENSUAL CUANDO DE LA EVIDENCIA SUMINISTRADA EN LA PIPE Y TALONARIO SURGE UN INGRESO NETO DE $1,106.88 MENSUAL.

### TERCER ERROR
ERRÓ LA AGENCIA ADMINISTRATIVA DE LA ASUME AL NO CONCEDER UNA CUANTÍA DE HONORARIOS DE ABOGADO POR TEMERIDAD Y FRIVOLIDAD DE UN PADRE QUE ASUMIÓ CAPACIDAD ECONÓMICA PARA ALIMENTAR A UNO DE SUS HIJOS, MAS NO ASÍ PARA OTRO.

Luego de varios trámites procesales, el 12 de diciembre de 2024, emitimos *Resolución* mediante la cual paralizamos *motu proprio* la *Resolución sobre Establecimiento de Pensión Alimentaria*.

---

[15] *Íd.*, pág. 94.
[16] *Íd.*, págs. 3-17.
[17] *Íd.*, págs., 1-2.

Asimismo, concedimos al señor Cortés Colón hasta el jueves, 26 de diciembre de 2024, para exponer su postura.

En cumplimiento con lo ordenado, el recurrido compareció ante nos mediante *Alegato en Oposición de Revisión Administrativa.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A. *Revisión de Determinaciones Administrativas*

Según es sabido, los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que, estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 114 (2023); *OEG v. Martínez Giraud,* 210 DPR 79, 87-89 (2022); *Pérez López v. Depto. Corrección*, 208 DPR 656, 672 (2022); *Super Asphalt v. AFI y otros*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016); *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012); *Asoc. Fcias. v. Caribe Specialty et al. II,* 179 DPR 923, 940 (2010). Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección, que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Íd.* No obstante, tal norma no es absoluta, es por lo que, nuestro Máximo Foro ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho.

En *Torres Rivera v. Policía de Puerto Rico*, 196 DPR 606, 628 (2016), nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la forma siguiente:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero tal deferencia cederá cuando: (1) **la determinación administrativa no está basada en evidencia sustancial**; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida. (Énfasis suplido).

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad. *Hernández Feliciano v. Mun. Quebradillas*, supra, pág. 115; *OEG v. Martínez Giraud*, supra, pág. 90; *Super Asphalt v. AFI y otros*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Torres Rivera v. Policía de PR*, supra, pág. 626. Bajo este criterio, se limita la revisión judicial a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción. *Íd.*; *Pérez López v. Depto. Corrección*, supra, pág. 673; *Super Asphalt v. AFI y otros*, supra, pág. 819-820; *Rolón Martínez v. Supte. Policía*, supra, pág. 36; *Batista, Nobbe v. Jta. Directores*, supra.

Bajo este supuesto, la Sec. 4.5 de la Ley Núm. 38 del 30 de junio de 2017, 3 LPRA 9675, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), "estableció el marco de revisión judicial de las agencias administrativas". *Rolón Martínez v. Supte. Policía*, supra, pág. 35. La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) **si las**

**determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad**, y (3) si las conclusiones de derecho del ente administrativo fueron correctas. *Íd.* págs. 35-36; *Hernández Feliciano v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud*, supra*; Torres Rivera v. Policía de PR*, supra, págs. 626-627; *Nobbe v. Jta. Directores*, supra, pág. 217; Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. Nuestro Máximo Foro, ha expresado que, esta intervención "debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley". *Rolón Martínez v. Supte. Policía*, supra, pág. 36. Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Íd.*; *Hernández Feliciano v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud,* supra; *Super Asphalt v. AFI y otros,* supra. Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad. *Rolón Martínez v. Supte. Policía*, supra; *Torres Rivera v. Policía de PR*, supra, pág. 627; Sec. 4.5 LPAU, 3 LPRA sec. 9675. No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. *Rolón Martínez v. Supte. Policía*, supra, págs. 36-37; *Torres Rivera v. Policía de PR*, supra. El Tribunal Supremo ha dispuesto que, la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: "(1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales. *Íd.* págs. 627-628; *OEG v. Martínez Giraud,* supra. Finalmente, nuestra más Alta Curia ha expresado que, conforme lo anterior, el criterio administrativo no

podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia". *Íd.*

### B. *Consolidación de casos*

Como sabemos, las Reglas de Procedimiento Civil no aplican automáticamente a los procedimientos administrativos. No obstante, en ocasiones anteriores nuestro más Alto Foro ha incorporado las mismas al ámbito administrativo, siempre y cuando estas sean compatibles con dicho proceso y propicien una solución justa, rápida y económica. *SLG Saldaña-Saldaña v. Junta,* 201 DPR 615, 623 (2018); *Flores Concepción v. Taíno Motors,* 168 DPR 504, 519 (2006); *Febles v. Romar,* 159 DPR 714, 720 (2003); *Rodríguez Rivera v. Autoridad de Carreteras,* 110 DPR 184 (1980).

Uno de los mecanismos de la economía procesal de los foros judiciales es la consolidación de casos. Respecto a esto, los tribunales tienen la discreción de ordenar la consolidación de dos o más recursos que estén a la consideración de sus salas o foros. Cónsono a ello, la Regla 38.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 38.1, establece el mecanismo de consolidación y en lo pertinente, dispone:

> Cuando estén pendientes ante el tribunal pleitos que comprendan cuestiones comunes de hechos o de derecho, el tribunal podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas comprendidas en dichos pleitos, podrá ordenar que todos los pleitos sean consolidados y podrá dictar, a este respecto, aquellas órdenes que eviten gastos o dilaciones innecesarias.

De la regla surge que existen dos requisitos para que proceda inicialmente una solicitud de consolidación: (1) que los casos presenten cuestiones comunes de hechos o de derecho; y (2) que éstos estén pendientes ante el tribunal. *Hosp. San Fco. v. Sria. de Salud,* 144 DPR 586, 592 (1997). Sin embargo, para que proceda la consolidación de acciones o recursos, no es necesario que la totalidad de las cuestiones de hechos y de derecho de éstos sean idénticas. De ahí que la existencia de consideraciones particulares sólo a algunos de los casos, no impide que se conceda la consolidación. *Hosp. San Fco. v. Sria. de Salud,* supra, pág. 593.

La jurisprudencia federal ha resuelto que, al decidir sobre una solicitud de consolidación, el juzgador debe considerar si la misma propendería a una resolución justa, rápida y económica de las acciones. Igualmente debe considerar si la consolidación tiende a evitar resultados inconsistentes entre las distintas disputas que presenten cuestiones similares de hechos o de derecho. *Vives Vázquez v. E.L.A.*, 142 DPR 117, 136 (1996), citando a *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985); *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003 (2nd Cir. 1995).

Ahora bien, "[u]na determinación judicial inicial sobre una solicitud de consolidación, efectuada luego de un *análisis ponderado de la totalidad de las circunstancias* de los casos cuya consolidación se solicita, merecerá gran deferencia por parte del tribunal que la revise. Sólo será alterada cuando se haya omitido considerar algún factor importante o cuando de alguna otra forma se incurra en un abuso de discreción". (Énfasis en el original). *Hosp. San Fco. v. Sria. de Salud,* supra, pág. 594.

### C. *Obligación Alimentaria*

En nuestro ordenamiento jurídico, los casos sobre alimentos de menores están revestidos del más alto interés público. El Tribunal Supremo de Puerto Rico ha manifestado que la obligación

alimentaria tiene su fundamento en el derecho constitucional a la vida y en la solidaridad familiar. Por tanto, nuestro más Alto Foro ha resuelto que, en nuestra jurisdicción, los menores tienen un derecho fundamental a recibir alimentos. *Díaz Rodríguez v. García Neris*, 208 DPR 706, 716 (2022); *Umpierre Matos v. Juelle, Mejías*, 203 DPR 254, 265 (2019); *Fonseca Zayas v. Rodríguez Meléndez*, 180 DPR 623, 632 (2011). Más aún, el máximo foro ha reconocido que el derecho a reclamar alimentos constituye parte del derecho a la vida, protegido por la Constitución de Puerto Rico. Const. PR art. II, § 7; *Torres Rodríguez v. Carrasquillo Nieves*, 177 DPR 728, 738 (2009); *Umpierre Matos v. Juelle, Mejías*, supra, pág. 266.

En consonancia con lo anterior, el Artículo 590 del Código Civil de Puerto Rico[18], establece que los progenitores tienen, sobre el menor sujeto a su patria potestad, el deber de alimentarlo y proveerle lo necesario para su desarrollo y formación integral. El Código Civil define alimentos como "todo lo que es indispensable para el sustento, la vivienda, la vestimenta, la recreación y la asistencia médica de una persona, según la posición social de su familia".[19] Cuando el alimentista es menor de edad, el referido artículo expresa además que, "los alimentos comprenden también su educación, las atenciones de previsión acomodadas a los usos y a las circunstancias de su entorno familiar y social y los gastos extraordinarios para la atención de sus condiciones personales especiales".[20] Es por lo que, la pensión se reducirá o aumentará en proporción a los recursos del primero y a las necesidades del segundo. De acuerdo con este principio de proporcionalidad, se tomarán en consideración los recursos del alimentante y la posición

---

[18] 31 LPRA § 7242. Antes, artículo 153 del Código Civil de 1930, 31 LPRA § 601.
[19] 31 LPRA § 7531. Antes, artículo 142 del Código Civil de 1930, 31 LPRA § 561.
[20] 31 LPRA § 7531.

social de la familia, así como el estilo de vida que lleva el alimentante. *Fonseca Zayas v. Rodríguez Meléndez*, supra, pág. 634.

### D. *Honorarios de Abogado*

La concesión de honorarios de abogado en casos de alimentos está regulada por el artículo 22 de la Ley Núm. 5 de 30 de diciembre de 1986, conocida como la *Ley Orgánica de la Administración para el Sustento de Menores*. En lo pertinente al caso de marras, el referido artículo dispone que:

(1)  En **cualquier procedimiento bajo esta Ley** para la fijación, modificación o para hacer efectiva una orden de pensión alimentaria, **el tribunal**, **o el Juez Administrativo deberá imponer al alimentante el pago de honorarios a favor del alimentista cuando éste prevalezca**.

(2)  …

(3)  …

Sobre ello, el Tribunal Supremo de Puerto Rico ha expresado que la imposición de honorarios procede aun cuando la parte demandada no haya incurrido en temeridad. Asimismo, el máximo foro ha resuelto que dicha partida forma parte de los alimentos a los que tiene derecho el menor alimentista. *Llorens Becerra v. Mora Monteserin*, 178 DPR 1003, 1035 (2010); *Torres Rodríguez v. Carrasquillo Nieves*, supra, pág. 740; *Chévere Mouriño v. Levis Goldstein*, 152 DPR 492, 502 (2000). Ello, puesto que la negación de dichos fondos en un pleito privaría al alimentista de los recursos económicos necesarios para reclamar y hacer efectivo su derecho. Inclusive, la negativa podría comprometer la pensión alimentaria para atender el reclamo de pago de representación legal. *Torres Rodríguez v. Carrasquillo Nieves*, supra, pág. 741.

Cabe señalar que, la fijación de dicha cuantía debe regirse por el criterio de razonabilidad. De manera que, no procede intervenir con los honorarios concedidos salvo que la suma otorgada resulte irrazonable. *Llorens Becerra v. Mora Monteserin*, supra.

Esbozada la normativa jurídica, procedemos a aplicarla a la controversia de epígrafe.

**III**

En su **primer señalamiento de error**, la recurrente sostiene que, la agencia erró al no consolidar los pleitos de alimentos ante la consideración de ASUME. Entiéndase, el caso número 0586480, relacionado a la menor EKCP, y el caso de marras. La señora Pereira Martínez alega que, la división de los casos ha provocado un disloque en los ingresos de ambos padres y en sus capacidades para alimentar a los menores.

Conforme es sabido, la consolidación de casos constituye un asunto discrecional, y cualquier determinación sobre ello merece gran deferencia por parte del tribunal. Sin embargo, la misma puede ser alterada cuando se haya omitido considerar un factor importante o cuando de alguna otra forma se incurra en un abuso de discreción. *Hosp. San Fco. v. Sria. de Salud,* supra.

Evaluado detenidamente el expediente, no observamos que la agencia administrativa haya omitido un factor importante al emitir su determinación. Tampoco advertimos que esta haya incurrido en abuso de discreción al denegar la solicitud.

Ahora bien, resulta apremiante tener presente: (1) que la consolidación de casos está arraigada al principio rector de la solución justa, rápida y económica de los procedimientos; y (2) que el interés principal en los casos de alimentos es el bienestar de los menores. 32 LPRA Ap. V, R. 1; *Díaz Rodríguez v. García Neris*, supra, pág. 717. En aras de fomentar dicho precepto, y a los fines de evitar determinaciones incompatibles que puedan afectar el bienestar de los menores, razonamos meritoria la consolidación de los casos 0586480 y 0607572 ante la agencia administrativa.

En su **segundo señalamiento de error**, la señora Pereira Martínez sostiene que, ASUME erró al imputarle un ingreso mensual

de $3,398.00. Alega que, de la evidencia presentada surge claramente que su ingreso neto asciende a $1,106.88 mensuales.

Tras un examen detenido del expediente ante nos, así como de la copia certificada del expediente administrativo, razonamos que le asiste la razón.

Según reseñado, como parte de las determinaciones de hecho contenidas en la *Resolución sobre Establecimiento de Pensión Alimentaria,* la agencia concluyó que, la señora Pereira Martínez genera un ingreso neto mensual de $3,398.00.[21] No obstante, tras una revisión minuciosa, observamos que, de la PIPE sometida por la recurrente surge categóricamente que esta percibe un salario neto de $1,106.88 mensuales.[22] Como evidencia de ello, la señora Pereira Martínez presentó dos (2) talonarios correspondientes al periodo del 16 al 29 de febrero de 2024, los cuales detallan ingresos que en nada se acercan a la cantidad imputada por la agencia.[23]

Del expediente no surge prueba adicional que pueda justificar el sueldo impuesto por ASUME. La agencia tampoco detalla qué evidencia tomó en consideración para arribar a dicha suma. Más aún, en su alegato en oposición, el recurrido afirma que, desconoce "si la técnica tenía otros talonarios de la recurrente, si utilizó el "year to date" o el ingreso de un talonario en particular para su evaluación, o cuales fueron las deducciones realizadas…"[24]

Según es sabido, las decisiones administrativas están revestidas de una presunción de legalidad y corrección que debe ser respetada. De modo que, los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas. *Hernández Feliciano v. Mun. Quebradillas*, supra, pág. 114; *OEG v. Martínez Giraud,* supra, pág. 87-89; *Pérez López*

---

[21] Véase, apéndice del recurso de revisión judicial, págs. 70-80.
[22] *Íd.*, págs. 60-66.
[23] *Íd.*, págs. 68-69.
[24] Véase, alegato en oposición, pág. 9.

*v. Depto. Corrección,* supra, pág. 672; *Super Asphalt v. AFI y otros,* supra, pág. 819; *Graciani Rodríguez v. Garaje Isla Verde,* supra, pág. 126; *Rolón Martínez v. Supte. Policía,* supra, pág. 35; *Torres Rivera v. Policía de PR,* supra, pág. 626; *Batista, Nobbe v. Jta. Directores,* supra; *Asoc. Fcias. v. Caribe Specialty et al. II,* supra.

No obstante lo anterior, el Tribunal Supremo de Puerto Rico ha resuelto que, dicha deferencia cede cuando, entre otros, la determinación administrativa no está basada en evidencia sustancial que surja del expediente. *Torres Rivera v. Policía de Puerto Rico,* supra, pág. 628; *Rolón Martínez v. Supte. Policía,* supra.

En el presente caso, luego de evaluada la totalidad del expediente, no surge del mismo evidencia alguna que sustente la cantidad impuesta a la señora Pereira Martínez en concepto de ingreso neto mensual. Ante la ausencia de evidencia que respalde tal imposición, resulta forzoso concluir que error señalado fue cometido. A esos efectos, colegimos imperante la celebración de una vista en la que se aclare cuál fue la evidencia tomada en consideración para la fijación de la pensión alimentaria del menor DJCP. Asimismo, razonamos que, el foro recurrido deberá determinar la procedencia de la pensión alimenticia a base de la evidencia fehaciente que le sea presentada. Destacamos que, la referida evidencia deberá ser desglosada en la determinación final que en su día emita la agencia.

En su **tercer señalamiento de error**, la recurrente sostiene que, la agencia administrativa incidió al no imponer una partida de honorarios de abogados por temeridad al señor Cortés Colón. Insiste en que, el recurrido carece de un reclamo válido por haber asumido capacidad económica para alimentar a la menor DJCP.

De conformidad al derecho expuesto, la imposición de honorarios de abogados en casos de alimentos es imperativa. Ahora bien, el Artículo 22 de la Ley de ASUME, *supra,* dispone que, la

fijación de honorarios debe realizarse a favor del alimentista cuando éste prevalezca. Esto pues, se entiende que, los honorarios de abogado forman parte de la pensión del menor. *Llorens Becerra v. Mora Monteserin*, supra; *Torres Rodríguez v. Carrasquillo Nieves*, supra, pág. 740; *Chévere Mouriño v. Levis Goldstein*, supra.

De acuerdo a ello, no cabe hablar de una imposición de honorarios de abogados al señor Cortés Colón en el presente caso. La disposición legal reseñada es clara al disponer que, tal imposición debe realizarse a favor del alimentista. En todo caso, es a la señora Pereira Martínez, precisamente como alimentista, a quien se le debe imponer una partida por concepto de honorarios de abogado.

Por otro lado, resulta meritorio puntualizar que, el argumento de la recurrente en cuanto a que el señor Cortés Colón carece de un reclamo válido por haber asumido capacidad económica para alimentar a la menor EKCP, resulta inmeritorio. La aceptación de capacidad económica por la persona no custodia de ninguna manera supone una renuncia con respecto al derecho de alimentos que ostenta otro menor que sí está bajo su custodia. Ello tampoco exime al otro progenitor de su obligación para con su hijo. En otras palabras, la aceptación de capacidad económica del señor Cortés Colón con respecto a la menor EKCP no impide que este pueda solicitar alimentos en beneficio del menor DJCP. Ello tampoco suspende la obligación de alimentar al menor DJCP de la señora Pereira Martínez.

Adicionalmente, precisamos que, el caso de *Santiago, Maisonet v. Maisonet Correa*, supra, citado por la recurrente para fundamentar sus argumentos con respecto a la aceptación de capacidad económica, presenta hechos esenciales que se distinguen del presente caso, por lo que no es de aplicación.

En vista de todo lo antes esbozado, procede la revocación de la *Orden* recurrida y la devolución del caso a la agencia para que proceda de forma compatible a nuestros pronunciamientos.

**IV**

Por los fundamentos expuestos, se revoca la *Orden* recurrida. Se devuelve el caso a ASUME y se ordena la consolidación de los pleitos 0586480 y 067572. Además, se ordena la celebración de una vista, a los fines que se aclare cuál fue la evidencia tomada en consideración para la fijación de la pensión alimentaria del menor DJCP. Asimismo, el foro recurrido deberá determinar la procedencia de la pensión alimenticia a base de la evidencia fehaciente que le sea presentada. Destacamos que, la referida evidencia deberá ser desglosada en la determinación final que en su día emita la agencia.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones